IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CYNTHIA FLIPPO | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. |
| WAL MART INC. d/b/a WAL-MART | § | _____ |
| SUPERCENTER #4464, WAL-MART | § | JURY |
| STORES TEXAS, LLC., WAL-MART | § | |
| STORES TEXAS, LP., WALMART | § | |
| ASSOCIATES, INC., and TONNY GLYNN | § | |

## NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendants Walmart Inc. (formerly known as Wal-Mart Stores, Inc.), Wal-Mart Stores Texas, LLC, Wal-Mart Stores Texas, LP, and Wal-Mart Associates, Inc. (collectively "Wal-Mart" or "Wal-Mart Defendants") file this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1332.

### I.   INTRODUCTION

1. Pursuant to 28 U.S.C. § 1441, *et seq.*, this civil action is removed from the 191st Judicial District Court of Dallas County, Texas, where this matter was pending under Cause No. DC-20-19332 in a matter styled *Cynthia Flippo vs. Wal-Mart Inc. d/b/a Wal-Mart Supercenter #4464, Wal-Mart Stores Texas, LLC, Wal-Mart Stores Texas, LP., Walmart Associates, Inc., Wal-Mart, Wal-Mart Stores, Walmart, Walmart\*, Walmart Stores, Wal-Mart Supercenter, Walmart Supercenter, Wal-Mart Supercenter #4464, Walmart Supercenter #4464 and Tonny Glynn* (the "State Court Action").

### II.   NATURE OF THE SUIT

2. This is a premises liability lawsuit alleging personal injury resulting from claims of negligence against Defendants. *Plaintiff's Original Petition pp. 3-4.*

3. Plaintiff Cynthia Flippo alleges that on April 18, 2019, she was injured when she tripped and fell over a floor mat while exiting Defendant's store in Amarillo, Texas. *Id. at p. 3.*

4. Plaintiff brought premises liability and negligence claims against the Wal-Mart Defendants in the 191st Judicial District Court of Dallas County, Texas. *Id. at pp. 4-5.*

5. Plaintiff identifies Defendant Tonny Glynn as the manager of the store at issue. *Id. at p. 3, para. 12.* While Glynn is named as a defendant, Plaintiff does not identify any claims or causes of action against him. *Id.*

6. Plaintiff seeks damages in excess of $1,000,000. *Id. at p. 2.*

### III.   TIMELINESS OF REMOVAL

7. Plaintiff commenced this lawsuit by filing her Original Petition on December 31, 2020. Defendants Wal-Mart Inc., Wal-Mart Stores Texas, LP, Wal-Mart Stores Texas, LLC, and Wal-Mart Associates, Inc. accepted service on January 6, 2021 through their agent, CT Corporation. Defendant Glynn accepted personal service on January 7, 2021. Thus, removal is timely as this Notice is filed within 30 days after Defendants received the initial pleadings.

### IV.   BASIS FOR REMOVAL JURISDICTION

8. Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between Plaintiff and Defendants [exclusive of Glynn, discussed below], and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Plaintiff is now and was at the time of the filing of this action a legal Texas resident residing and domiciled in Amarillo, Texas. *Plaintiff's Original Petition p. 2.* Accordingly, for diversity purposes, Plaintiff is a citizen of Texas.

10. Plaintiff sued and served Walmart Inc. (formerly known as Wal-Mart Stores, Inc.). Walmart Inc. is a Delaware Corporation with its principal place of business in Arkansas. Accordingly, for diversity purposes, Walmart Inc. is a citizen of Delaware or Arkansas.

11. Plaintiff sued and served Wal-Mart Stores Texas, LLC. Defendant Wal-Mart Stores Texas, LLC is now and was at the time of the filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008). Wal-Mart Real Estate Business Trust is the sole member of Wal-Mart Stores Texas LLC. Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of Delaware with its principal place of business in Arkansas. Wal-Mart Property Co. is the sole trustee of Wal-Mart Real Estate Business Trust. Wal-Mart Property Co. is a Delaware corporation with its principal place of business in Arkansas. Wal-Mart Stores East, LP is the sole owner of Wal-Mart Property Co. Wal-Mart Stores East, LP is a Delaware Limited Partnership with its principal place of business in Arkansas. WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC are both Delaware Limited Liability Companies with their principal place of business in Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. Wal-Mart Stores East, LLC is a limited liability company organized under the laws of the State of Arkansas with its principal place of business in Arkansas. Walmart Inc. is the sole owner of Wal-Mart Stores East, LLC. Walmart Inc. is a Delaware Corporation with its principal place of business in Arkansas. Accordingly, for diversity purposes, Wal-Mart Stores Texas, LLC is a citizen of Delaware or Arkansas.

12. Plaintiff also sued and served Wal-Mart Stores Texas, LP – which is no longer an existing entity. In 2007, Wal-Mart Stores Texas, LLC merged with Wal-Mart Stores Texas, LP. Wal-Mart Stores Texas, LLC is the surviving entity. The citizenship and principal place of business for Wal-Mart Stores Texas, LLC is discussed above.

13. Finally, Plaintiff sued and served Wal-Mart Associates, Inc. - a wholly owned subsidiary of Walmart Inc. It is a Delaware corporation with its principal place of business in Bentonville, Arkansas. Accordingly, Wal-Mart Associates, Inc. is a citizen of Delaware or Arkansas.

14. There is and has been at all times relevant to this Notice of Removal complete diversity of citizenship between Plaintiff and Defendants Wal-Mart [Glynn, discussed below].

15. Upon information and belief, it is facially apparent the amount in controversy exceeds the jurisdictional requirement of $75,000, exclusive of interest and costs. Plaintiff alleges she suffered "severe bodily injuries and other damages." *See Plaintiff's Original Petition p. 3*. Plaintiff seeks damages for past and future medical expenses, past and future physical pain and suffering, past and future mental anguish, past and future physical impairment, past and future disfigurement, and lost wages. *Id. at p. 6*. In her pleadings, Plaintiff asserts she is seeking damages excess of $1,000,000. *Id. at p. 2*. The sum claimed by Plaintiff should control the evaluation of amount in controversy.

16. In addition, Defendants sent correspondence to Plaintiff's counsel on January 13, 2021 and January 28, 2021 in an effort to confirm the amount in controversy. Defendants requested Plaintiff stipulate she is seeking less than $75,000 in damages, exclusive of interest and costs. Plaintiff's counsel did not respond. Thus, based on all information currently known by or available to Defendants, the pleadings and injuries establish that the amount in controversy exceeds $75,000 exclusive of interest and costs.

### V.   IMPROPER/FRAUDULENT JOINDER

17. Plaintiff's claims against Tonny Glynn are improper and only used as an attempt to defeat diversity jurisdiction in this Court. Plaintiff has no independent claim against Glynn under

Texas law and as such, the Court should disregard and dismiss Glynn as an improperly joined defendant.

### A. Standard of Review

18. Under the doctrine of improper joinder, the Court should ignore non-diverse defendants, such as Glynn, if the removing defendant has demonstrated that there is no possibility of recovery by plaintiff against an in-state defendant. The removing party bears the burden of demonstrating improper joinder. *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003). Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R. R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis,* 326 F.3d at 646-47). Where the citizenship of the non-diverse party is not in dispute, the removing defendant need only prove the latter. Under the latter method, the court determines whether the plaintiff has "any possibility of recovery" against the in-state defendant whose joinder is questioned. This possibility, however, must be reasonable, not merely theoretical. *Travis,* 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F. 3d 305, 312 (5th Cir. 2002)) (emphasis in original) (quotations omitted).

19. A determination of improper joinder must be based on an analysis of the cause of action alleged in the complaint at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995). There are two methods a court can use in determining whether a possibility of recovery is reasonable. *Solis, et al v. Wal-Mart Stores East, LP,* 2008 U.S. Dist. LEXIS 92641 (S.D. Tex. Nov. 14, 2008) (citing *Smith v. Petsmart Inc.,* No. 06-60497, 278 Fed. Appx. 377, 379 (5th Cir. May 15, 2008). The court may conduct at Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a

claim under state law against the in-state defendant." *Smallwood,* 385 F.3d at 573. In the alternative, if the plaintiff has stated a claim, but "misstated or omitted discrete facts that would determine the propriety of joinder…the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* During this latter inquiry, the court may consider "summary judgment-type evidence in the record but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis,* 326 F.3d at 648-49.

### B. No Independent Duty of Care thus No Viable Claim Against Glynn

20. Plaintiff attempts to defeat diversity by naming Wal-Mart's store manager, Tonny Glynn, as a defendant. *See Plaintiff's Original Petition, p. 3, para. 12*. Plaintiff's efforts, however, are futile as Plaintiff has not even alleged a claim against Glynn, let alone establish a cause of action in which there is a reasonable chance of recovery.

21. Under Texas law, an owner or occupier of land – like Wal-Mart – generally has a duty to use reasonable care to make and keep the premises under its control safe for business invitees. *Graham v. Olivo,* 952 S.W.2d 523, 527 (Tex. 1997). A company, being a legal faction, can only act through its agents. *See Howard v. Burlington Ins. Co.,* 347 S.W.3d 783, 795 (Tex. App.-Dallas 2011, no pet.). As such, an employee is not personally liable for the employee's acts or omissions that fall within the course and scope of employment. *Leitch v. Hornsby,* 935 S.W.2d 114, 117 (Tex. 1996).

22. In Texas, individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty of care. *Leitch v. Hornsby,* 935 S.W.2d 114, 117 (Tex. 1996). The Supreme Court of Texas held the actions of the individual defendants were actually only the actions of officers on behalf of their employer

and were therefore deemed to be acts of the employer. *Id.*  The non-delegable duty was imposed on, ***and belonged solely to, the employer and there were no viable claims against the individual officer.*** *Id.* (emphasis added).  While the *Leitch* holding was based on workplace safety, the Supreme Court of Texas extended its holding to premises liability cases in *Tri v. J.T.T.,* 162 S.W.3d 552, 562 (Tex. 2005).  Therefore, based on *Tri,* there is no reasonable possibility that a plaintiff can bring a claim under Texas law against a store employee for duties performed within the scope of the employee's duties.

23. In the instant matter, Plaintiff's pleadings do nothing more than identify Glynn as the store manager. *See Plaintiff's Original Petition, p. 3, para. 12.*  Plaintiff has not alleged any facts against Glynn, or even stated whether he was present at the time of the incident.  In fact, Glynn is not mentioned or referenced anywhere in Plaintiff's pleadings other than being listed as a party. *Id.*

24. Plaintiff has also failed to identify any cause of action for which Glynn may be individually liable. *See gen. Plaintiff's Original Petition.*  Plaintiff's pleadings assert three causes of action:  Premises Liability, Negligent Activity, and Negligence/Gross Negligence. *Id.*  In her first theory of liability, Premises Liability, Plaintiff specifies that the "Wal-Mart Defendants" are the alleged proximate cause of her injuries. *Id. at p. 4, para. 13.*  Plaintiff defines the "Wal-Mart Defendants" as a multitude of corporate and business entities – but her definition does not include Glynn. *Id. at p. 3, para. 10.*  As such, Plaintiff's pleadings do not raise an independent cause of action against Glynn with regarding to Premises Liability.

25. Next, Plaintiff asserts Negligent Activity against "Defendants". *Id. at p. 4, para. 14.*  Plaintiff does not allege separate and independent breaches by Glynn (or any breaches at all for that matter), but rather lumps all defendants together. *Id. at p. 3.*  An employee may not be

held individually liable unless he/she breaches an independent duty of care owed to the individual that is separate from the duty owed by the employer. Accordingly, the duty was solely Wal-Mart's, and any breaches by its employees (if any) only constitute breaches by Wal-Mart acting through its agents. As such, Plaintiff has not established a viable claim that would result in a reasonable chance of recovery against Glynn individually.

26.     In her third cause of action, Plaintiff asserts "Negligence and Gross Negligence" against the Walmart Defendants only. *Id. at pp. 3-4, para. 14-18.* Plaintiff alleges a list of failures by the Walmart Defendants, but Glynn is specifically excluded from these claims.[1] Inexplicably, Plaintiff returns to referencing "Defendants" as a whole in the subsequent paragraph regarding gross negligence. *Id. at p. 4, para. 19.* It is unclear whether Plaintiff even intends to include Glynn in the gross negligence allegation. Regardless, Plaintiff fails to allege a separate act or breach by Glynn that would established a viable claim or a reasonable chance of recovery against Glynn individually.

27.     Finally, Plaintiff specifically pleads the doctrine of Respondeat Superior. *Id. at pp. 5-6.* Plaintiff states Defendants' employees and agents were at all times acting in the course and scope of their employment. *Id.* While Plaintiff again fails to list Glynn, the allegations regarding course and scope further evidence the lack any possible independent liability against him. Plaintiff has not identified an individual and independent duty that Glynn owed to Plaintiff other than that owed as employees of Wal-Mart. Plaintiff has also not identified or alleged any breach or act of negligence by Glynn. Thus, there is no reasonable basis for the Court to predict Plaintiff might be able to recover independently against Glynn under Texas law. As such, this Court should dismiss

---

[1] This portion of Plaintiff's Original Petition incorrectly refers to a pallet that was left on the floor, as opposed to a floor mat as alleged in Plaintiff's statement of facts.

Glynn as a party to this lawsuit, disregard Glynn's citizenship in determining diversity, and retain jurisdiction in this matter based on the diversity of Plaintiff and the Wal-Mart Defendants.

## V.     THIS NOTICE IS PROCEDURALLY CORRECT

28.    This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b), because Wal-Mart Defendants are not a citizen of Texas, the state in which the action was brought.  This action is removable to this Court and venue is proper because this United States District Court and the Northern District of Texas embraces the place where the State Court Action was pending.  28 U.S.C. §§ 124(a)(1), 1441(a).  The Amarillo Division is proper because it reflects the location where the incident occurred, as well as Plaintiff's county of residence.

29.    Wal-Mart has attached to this Notice of Removal the documents required by 28 U.S.C. § 1446(a) and Local Rule 81.1 as follows:

>   A:    Index of all documents filed in the State Court Action.
>
>   B:    Docket Sheet in the State Court Action.
>
>   C:    Copies of all process, pleadings and orders filed in State Court.
>
>   D:    Signed Certificate of Interested Persons.

30.    Wal-Mart is filing with the Notice of Removal a completed Civil Cover Sheet, a Supplemental Civil Cover Sheet, and separate Disclosure Statement and Certificate of Interested Persons.

31.    Wal-Mart retains the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenge the allegations in a motion to remand or other filing.

32.    In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of the 191st Judicial District Court of Dallas County, Texas.

33. Plaintiff has demanded a jury trial in the State Court Action. Wal-Mart has demanded a jury trial in the State Court Action.

34. Trial has not commenced in the 191st Judicial District Court of Dallas County.

## V.     CONCLUSION

35. Since diversity jurisdiction exists over Plaintiff's claim as set forth in Plaintiff's Original Petition, Defendants desire and are entitled to remove the lawsuit filed in the 191st Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Amarillo Division.

**WHEREFORE, PREMISES CONSIDERED**, Defendants Walmart Inc. (formerly known as Wal-Mart Stores, Inc.), Wal-Mart Stores Texas, LLC, Wal-Mart Stores Texas, LP, and Wal-Mart Associates, Inc., pursuant to and in conformance with the statutory requirements, remove this action from the 191st Judicial District Court of Dallas County, Texas, to this Court. Defendants further pray the Court dismiss Plaintiff's claims against Defendant Tonny Glynn.

                      **Respectfully submitted,**

By:   */s/ Bevan Rhine*
       **BEVAN RHINE**
       Texas Bar No. 24036265
       brhine@cobbmartinez.com

**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Ave., Suite 3100
Dallas, TX  75201
214.220.5208 (direct)
214.220.5258 (direct fax)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify a true and correct copy of this document has been forwarded to counsel for Plaintiff either by e-service, telefax, and/or electronic mail on this 29th day of January, 2021:

Aaron A. Herbert
The Law Office of Aaron A. Herbert
8330 LBJ Freeway, Suite 700
Dallas, TX  75243
214.347.4259 / fax 214.983.0462
efile@texaslegaladvice.com

                                         */s/ Bevan Rhine*
                                         **BEVAN RHINE**